30460. NICHOLS *v.* PEARL ASSURANCE COMPANY LIMITED.

PARKER, J. 1. A requirement in a policy of fire insurance, that the insured shall submit to an examination under oath touching the matters relating to the risk assumed by the company and the destruction of the property insured, and that he shall subscribe to the same, is binding and valid; and a refusal to comply with this condition will preclude the insured from recovering upon the policy, where it provides that no suit can be maintained until after a compliance with such conditions. *Firemen's Fund Ins. Co.* v. *Sims,* 115 *Ga.* 939 (42 S. E. 269).

2. Where the plaintiff assigns as a reason for his not subscribing to the evidence given by him on an examination under oath his contention that the transcript was incorrect, such a reason, if true, is a justification. *North British &c. Ins. Co.* v. *Parnell,* 53 *Ga. App.* 178, 190 (4) (185 S. E. 122).. And where the evidence is conflicting as to whether the insured attributed the errors to his giving incorrect answers or to mistakes made by the reporter in taking down and writing up the testimony, an issue of fact is made for determination by the jury. The same principles apply to the insured's claim that he walked out of the examination proceeding and refused to testify further because questions altogether foreign to the issues were propounded to him against his continued objection. Therefore, the court erred in finding as a matter of law that the insured had failed to comply with the said policy stipulations and in directing the verdict against the plaintiff.

3. Since the court erred in not submitting to the jury the issue of fact regarding the truth of the insured's attempted compliance with the

policy provisions, it was error to direct the jury to find against the plaintiff on the defendant's counterclaim, which was based upon its alleged subrogation to the rights and claims held by the insured's lienholders whose claims were paid by the insurer under a denial of liability, as provided by "New York standard mortgage-clause" indorsements upon the policy.     *Judgment reversed. Sutton, P. J., concurs.*

FELTON, J., dissenting. I do not think there was a jury issue on the question whether the insured gave incorrect answers to the questions propounded to him or whether the stenographic report thereof was incorrect. The insured did not positively testify that the mistakes were due to an erroneous recording of the proceedings. He stated that either he misunderstood the questions or the reporter had the answers mixed. The reporter positively stated that the report of the questions and answers was correct. Neither do I think that the insured was justified under the circumstances of this case in refusing to answer further relevant questions and in not giving opportunity for such questions.

DECIDED JUNE 14, 1944. REHEARING DENIED JULY 14, 1944.

*Bond Almand, George & John L. Westmoreland,* for plaintiff.
*Smith, Smith & Bloodworth, Croom Partridge,* for defendant.