45275. BLACKWELL v. AMERICAN SOUTHERN
INSURANCE COMPANY.
45276. BLACKWELL v. GULF INSURANCE COMPANY.

EBERHARDT, Judge. In these companion cases, which were consolidated and tried together, plaintiff insurance companies sought and recovered judgments against the defendant, an independent insurance adjuster, for sums which the companies paid out on fire claims as a result of his alleged fraud-

ulent representations in the adjustment transactions. The complaints alleged, inter alia, that defendant and others conspired to purchase houses which were to be insured and then burned, whereupon defendant would obtain authority from the companies to settle the claims and would furnish false and fraudulent reports, proofs of loss, etc., to obtain the insurance proceeds. Defendant appeals, enumerating as error the overruling of motions for new trial in both cases and the denial of his motion for directed verdict in case No. 45275, contending that the evidence was insufficient to authorize the verdicts. *Held:*

1. In case No. 45276, there was ample evidence which, if believed, would authorize the jury to conclude that the house at Poulan insured by Gulf Insurance Company was wilfully burned by members of the conspiracy of which defendant and the insured were a part, and that in reliance upon reports made by the defendant as an adjuster that the fire was of accidental origin the company paid out $7,000, which defendant and other conspirators converted to their own use. Since fraudulent losses are necessarily excepted from fire insurance policies upon principles of general policy and morals, so that the voluntary and intentional burning of insured property by the insured or by another with his authority, procurement, or connivance will not create a right of recovery upon the policy (44 AmJur2d 210, Insurance, § 1365; 5 Appleman, Insurance Law and Practice, 256, § 3113. Accord: *Sandersville Oil Mill Co. v. Globe &c. Fire Ins. Co.,* 32 Ga. App. 722 (6, 7) (124 SE 728)), defendant, by his wilful misrepresentations for his own gain, induced the company to pay money when it had no obligation to do so. Accordingly there was no error in overruling defendant's motion for new trial in case No. 45276.

2. Although the evidence indicated that Hall, the insured under American Southern's policy in case No. 45275, involving a house at Willacoochee, was one of the arsonists in the companion case dealt with above, and although there was evidence that defendant adjuster made various misrepresentations to American Southern in adjusting this loss, there was no evidence of incendiarism in this case as there was in the companion case, and it cannot be affirmed on that basis.

The company contends, however, that there was sufficient evidence to sustain its allegation that defendant grossly overstated the value of the house. If that were true, under the

usual rules applicable to fraud and deceit the company could only recover the difference between the actual value as proved and the amount paid out as the result of the misrepresentation, absent a claim and basis for punitive damages. Here, however, the company obtained judgment for the full amount paid, and the evidence was insufficient to show what the actual value of the house was.

Mrs. Vickers, the mortgagee, testified that she sold the house to Hall a short time prior to the fire for $1,800 or $2,000, rather than for $8,000 as the defendant reported the sale price to have been, but she also testified that she did not get what the house was worth when she sold it, though she did not say what its value was. There is no testimony in the record as to what the fair market or actual value of the house may have been. Moreover, it appears that settlement of the loss was made on the basis of replacement cost, less depreciation, rather than on the basis of actual or fair market value, and there is no testimony in the record from which it can be determined whether the replacement costs were overstated, or if so, to what extent. The same is true as to testimony covering the contents.

Hence, the proof fails in affording a guide by which the jury could determine whether there had been a misrepresentation by the defendant as to value upon which the company had relied to its detriment in making settlement of the loss, or, if so, the extent thereof.

Accordingly, there was error in denying defendant's motions for directed verdict and for new trial in case No. 45275. Under the facts and circumstances, however, we think the ends of justice better served by directing a new trial rather than the entry of judgment in accordance with the motion for directed verdict. See *Code Ann.* § 81A-150 (e).

*Judgment affirmed in case No. 45276; judgment reversed and remanded for a new trial in case No. 45275. Jordan, P. J., and Pannell, J., concur.*

SUBMITTED APRIL 8, 1970—DECIDED APRIL 15, 1970.

*J. Laddie Boatright,* for appellants.

*Perry, Walters, Langstaff, Lippitt & Campbell, R. Edgar Campbell,* for appellees.