46291.   SMITH v. FEDERATED MUTUAL IMPLEMENT &
HARDWARE INSURANCE COMPANY.

HALL, Presiding Judge. Plaintiff in a suit to collect on a fire insurance policy appeals from the judgment and from the denial of his motion for new trial.

The trial judge sat without a jury in this case. At the close of evidence, both parties made motions for directed verdicts. (The motions were, of course, inappropriate since a verdict means the decision of a jury and not of a court. Black's Law Dictionary; 89 CJS 138, § 485). While the transcript seems to indicate that the judge granted the defendant's motion, the record contains only a simple judgment and this is the only point from which plaintiff may appeal. See *Smith v. Sorrough,* 226 Ga. 744 (177 SE2d 246). Therefore, the sole point for our consideration is whether the evidence supported the judgment.

Defendant introduced testimony that placed plaintiff at the scene in the early hours of the morning and shortly before the fire broke out. There was also expert testimony from three witnesses that the fire was deliberately set, probably with magnesium. Plaintiff denied that he had been at the scene. Defendant offered certified copies of the indictments, verdicts and sentences in two criminal cases in which plaintiff was convicted—the second one being a charge of arson involving the building in question here. This evidence was offered and received solely for the purpose of impeaching plaintiff's testimony and not as proof of the fact of arson. There was no error in admitting it. *Code* § 38-1804; *Kaminsky v. Blackshear,* 108 Ga. App. 492 (133 SE2d 441).

Defendant pleaded and offered evidence that plaintiff was not entitled to recover either under the terms of his insurance policy or under public policy. See *Blackwell v. American Southern Ins. Co.,* 121 Ga. App. 671 (175 SE2d 160). The evidence was sufficient to support the judgment of the court.

*Judgment affirmed. Eberhardt and Deen, JJ., concur. Whitman, J., not participating due to illness.*

ARGUED JUNE 4, 1971—DECIDED OCTOBER 22, 1971.

*Miles B. Sams,* for appellant

*Lokey & Bowden, Chas. M. Lokey,* for appellee.