## 59750. SAFT AMERICA, INC. v. INSURANCE COMPANY OF NORTH AMERICA et al.

SOGNIER, Judge.

Appellant Saft America, Inc. (Saft) was insured against theft loss by appellee Insurance Company of North America (INA). Suspecting it had suffered a theft loss, Saft requested INA to investigate the alleged loss. INA declined. The loss took place about October 13, 1977 and on January 13, 1978 a "tentative" proof of loss was filed by Saft. On August 7, 1978 INA mailed a request to Saft's attorney asking the insured to submit to an examination under oath under the following policy provision: "Upon the Company's request, the Insured shall submit to examination by the Company, subscribe the same, under oath, if required, and produce for the Company's examination all pertinent records, *all at such reasonable times and places as the Company shall designate,* and shall cooperate with the Company in all matters pertaining to loss or claims with respect thereto." (Emphasis supplied.) The policy also provides: "No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this Policy . . ."

On August 7, 1978 INA requested an examination by letter

which provides, in pertinent part: "Pursuant to the policy conditions, we request that SAFT America submit to an examination under oath those company officials who can prove, substantiate or explain SAFT's claim as set forth in the proof of loss . . . I will be *generally available from August 23 through September 1,* with the *exception of the 24th and 29th.* If that time is not *convenient,* please *select several alternate* dates after September 1 so that I can arrange my schedule to be available. I *assume the Saft offices in Valdosta will be satisfactory."* (Emphasis supplied.)

The reply to this letter by Saft's lawyer did not refuse examination but acknowledged the request and stated he was forwarding it to Saft's president. Thereafter, on August 23, 1978, a conference was held and while some of the results of this conference are disputed, there was no refusal of the examination. Apparently some understanding was reached that Saft would furnish the names of people who could testify as to dates and values as detailed in the proof. Saft made a demand for payment by mail on November 16, 1978 and thereafter filed suit. In reply to this demand INA denied the claim on December 8, 1978. INA, among other reasons for their denial, relied upon the quoted policy provision and their letter of August 7, 1978. Suit was filed and INA pleaded Saft's failure to permit examination as its third defense. Summary judgment was granted by the lower court in favor of INA and against Saft based on this defense. Saft appeals.

The policy provision at issue here is well within the proper requirements of the insurer and such provision has been held reasonable and valid. The provision providing for examination of the insured, when coupled with the second policy provision requiring compliance with all policy conditions prior to action, makes the provision at issue a condition precedent to action on the policy. *Firemen's Fund Ins. Co. v. Sims,* 115 Ga. 939 (42 SE 269) (1902); *Nichols v. Pearl Assur. Co.,* 71 Ga. App. 378 (31 SE2d 127) (1944).

In *Firemen's Fund,* supra, a similar provision was interpreted and the court in reviewing the facts said: "At the time the company objected to the proofs of loss submitted it also demanded that Coffman, the insured, should submit to an examination under oath by the company and should subscribe to such examination when made; *the date upon which and the place where such examination was to be held being set forth."* Id. at p. 941. (Emphasis supplied.)

In the case sub judice a review of INA's letter of August 7, 1978, later relied upon in their letter of December 8, 1978, fails to show the designation of a time and place; rather, the letter sets forth several dates for such an examination, inquires if such dates are agreeable and leaves further date setting to the insured. Also, the place of

examination is not specifically designated. Although the conference of August 23, 1978 left the date of examination up to the insured, the policy clearly requires a designation by the *insurer,* "all at such reasonable *times and places* as the Company *shall designate.*" Upon being threatened with suit and thus informed of the breakdown of any understanding resulting from the conference, INA continued to rely on its indefinite letter of August 7, 1978. To rely on its own policy provision, INA had to meet the requirement of giving specific notice. This interpretation is supported by the quoted portions of *Firemen's Fund,* supra. See also 5A Appleman on *Insurance Law and Practice,* 557, § 3551 which states: "Where no person had been designated by the insurer to make the examination, the insured was held not to have breached a requirement to attend an examination concerning a loss. And a provision requiring attendance is available as a defense only if the insurer fixes a reasonable time and place therefor. In fact, the time and place of taking, and person to take the examination, must all be set forth by the insurer in its demand." Citizens' Ins. Co. v. Herpolsheimer, 77 Neb. 232 (109 NW 160).

In this case we find that INA failed to specifically designate a time and place for the examination as required under its own policy provisions and accordingly, we reverse.

*Judgment reversed. Deen, C. J., and Birdsong, J., concur.*

ARGUED APRIL 8, 1980 — DECIDED SEPTEMBER 2, 1980 —

*Edwin Marger, Robert O. Davies,* for appellant.

*William A. Turner, Jr., F. Thomas Young, George M. Saliba,* for appellee.