## 73061. PENNSYLVANIA MILLERS MUTUAL INSURANCE COMPANY v. BAKER.
### (349 SE2d 527)

BANKE, Chief Judge.

The appellee, Shirley J. Baker, sued the appellant insurance company to recover benefits allegedly due her under a fire insurance policy covering her house. The insurance company denied liability on the basis of a policy exclusion applicable to losses "arising out of any act committed by or at the direction of the insured with the intent to cause a loss." This appeal is from the trial court's grant of partial summary judgment to Mrs. Baker on the issue of liability.

The appellee submitted an affidavit stating that she had left the house at about 9:00 a.m. on the morning the fire occurred, accompanied by her husband and her six-year-old granddaughter, for the purpose of driving her husband, who was receiving treatment for a broken ankle, to a 9:30 doctor's appointment. The appellee averred that all the doors and windows to the house were locked when they left. She stated that she heard the fire sirens at about 9:20, shortly after leaving a nearby service station.

A fire investigator retained by the insurance company testified that on the basis of the depth to which the wood structure of the house had burned before the fire was extinguished, he was of the opinion that the fire had been burning for about 30 to 45 minutes before the fire department arrived. He stated that he had eliminated the electrical system, the heating system, and lightning as being possible causes of the fire and had concluded, based on his personal observations, that "[t]he cause of the fire was some person igniting the linen closet and around the hall, and possibly using some type of accelerant to boost it."

There was evidence that the appellee and her husband were in financial distress. Mr. Baker had been a farmer until 1982, when he quit farming following some "dry years." He had then worked off and on at a service station until April 23, 1984, when he suffered his broken ankle. The fire occurred on May 14, 1984. The couple's checking account was overdrawn at that time in the amount of $30.05, and the only income they were receiving consisted of social security disability benefits in the amount of $264 per month. There were two mortgages outstanding on the property. A payment of $3,307.55 was due on the first mortgage on January 1, 1985, and the entire remaining balance of $8,705 was due on the second mortgage on that same date. *Held*:

1. The evidence of record does not conclusively negate the appellant insurance company's allegation that the fire was intentionally set by or at the direction of the appellee. This court's decision in *Southern Trust Ins. Co. v. Braner*, 169 Ga. App. 567 (1) (314 SE2d 241) (1984), is not authority for a contrary holding. The evidence in that

case established merely that the insured had left the house locked the day before the fire; that he had been the only person with lawful access to it; that he had insisted on an arson investigation on the stated ground that he knew of no other reason the fire could have occurred; that he had recently increased his insurance coverage on the structure on the advice of his insurance agent to cover certain improvements which he had made to it; and that his checking account had been overdrawn in amounts ranging from $250 to $900 during the three months immediately prior to the fire. Citing the principle " 'that to establish a prima facie case of incendiarism for the purpose of denying coverage under a fire policy it is sufficient to show: arson by someone; motive by the suspect; and unexplained surrounding circumstantial evidence implicating the suspect,' " id. at 568, we held that the record did not establish a prima facie case of incendiarism, due both to the lack of evidence of "such financial distress as would raise an inference of motive for arson" and to the absence of evidence of "suspicious circumstances surrounding the occurrence of the fire. . . ." Id. at 569.

In contrast to the situation in *Braner*, the record in the present case contains substantial evidence of financial distress on the part of the insured, expert testimony to the effect that the fire was of incendiary origin, and circumstantial evidence from which it may be inferred that the insured was present at the house for several minutes after the fire started. Such evidence creates more than the "shadowy semblance" of a fact issue which was found to be present in *Braner*, supra at 569. Accord *Kennedy v. State*, 172 Ga. App. 336 (4) (323 SE2d 169) (1984); *Rollins v. Great Southwest Fire Ins. Co.*, 162 Ga. App. 139 (1) (290 SE2d 353) (1982); *Smith v. Federated Mut. &c. Ins. Co.*, 124 Ga. App. 693 (185 SE2d 588) (1971). Consequently, we hold that the trial court erred in granting the appellee's motion for partial summary judgment on the issue of the appellant's liability.

2. We reject the appellant insurance company's contention that the appellee was barred from recovering for the loss due to her husband's refusal to comply with a policy provision requiring "you" (meaning "the 'named insured' . . . and the spouse if a resident of the same household") to submit to examination under oath in the event of a loss. Obviously, it was not in the appellee's power to require her husband to submit to such examination if he chose not to. Thus, since he was not a named insured under the policy, we hold that any refusal by him to submit to such examination did not operate to prevent her from recovering for the loss of her property but merely to prevent him from recovering benefits for any loss he might have suffered as a result of the fire. Accord *Morris v. Aetna Life Ins. Co.*, 160 Ga. App. 484 (1) (287 SE2d 388) (1981). See generally *Nichols v. Pearl Assur. Co.*, 71 Ga. App. 378 (1) (31 SE2d 127) (1944). Moreover,

the husband submitted an affidavit stating that, at some point, he did in fact offer to give a statement or deposition to the insurance company. The husband, who is evidently now deceased, further stated in this affidavit that he "had nothing to do with starting the fire and does not know anything about the fire except that the residence where he resided with [the appellee] is burned." Under such circumstances, we cannot conclude as a matter of law that the insurance company's failure to obtain a sworn statement from the husband resulted from his refusal to cooperate.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 8, 1986.

*Ralph F. Simpson, Clayton H. Farnham, Kenneth A. Hindman,* for appellant.
*John S. Sims, Jr., Kenneth R. Hilyer,* for appellee.