A92A0311. DIAMONDS & DENIMS, INC. v. FIRST OF GEORGIA INSURANCE COMPANY.
(417 SE2d 440)

SOGNIER, Chief Judge.

Diamonds & Denims, Inc. d/b/a Botanical Silks brought suit against its insurance carrier, First of Georgia Insurance Company, seeking damages for the insurer's failure to pay a fire loss claim. The trial court granted the insurer's motion for summary judgment made on the ground that Diamonds & Denims's failure to provide requested financial information barred it from bringing suit under the policy. Diamonds & Denims appeals.

Appellant was engaged in the business of supplying silk plants and flowers and related items to commercial clients from its Augusta base. Gary Sharma and Sarita Sharma, husband and wife, are principal shareholder and president, respectively, of appellant. Gary Sharma testified by deposition that he previously operated a similar

business in Texas under two other corporations, but those corporations sold their inventory to appellant when the Sharmas moved to Georgia. Appellant's business consisted of a small retail outlet operated by sales representative Deborah Collier and the larger commercial operation run by Oni Ortiz from an Augusta warehouse. Both Gary and Sarita Sharma and their employees testified by deposition that all business records were kept at the warehouse except for some relating to the retail sales operations.

On November 3, 1988, appellee issued a commercial property and liability insurance policy to appellant. The warehouse in which appellant's inventory and records were housed was destroyed by fire on December 18, 1988. Appellant presented a sworn proof of loss on February 28, 1989, asserting a loss of $971,628.50 based on an attached inventory list prepared after the fire and claiming the policy limits of $650,000. Appellee then sent certified letters to Sarita Sharma and appellant's counsel requesting that she and any employees with relevant knowledge of the claim submit to depositions and produce all books and records proving the loss. In response, the Sharmas, Deborah Collier, and Oni Ortiz appeared for depositions in the spring of 1989. The witnesses produced no documents, explaining during their testimony that all books and records relating to appellant's inventory, sales, expenses, and loss were destroyed in the fire. During their depositions, the Sharmas did testify that appellant had a bank account and federal tax identification number that were still available and offered to provide that information. Gary Sharma also testified that he maintained customer and supplier records from the former Texas corporations, but stated he had not understood the document request directed to appellant to include the records of the other corporations. In response to queries from appellee's counsel, he declined to produce income tax returns for the other corporations absent a formal document production request. After the depositions, appellant provided no additional documents to appellee, and appellee apparently made no further document production requests upon appellant or its representatives. On May 31, 1989, appellant's counsel made a formal demand upon appellee for payment of the claim. Appellee responded on August 2 with a general demand for production of books and records that would allow appellee to verify appellant's claim, but did not list any specific documents or records it wished to obtain. Appellant then filed this action.

The policy appellee issued provided in pertinent part that in the event of a property loss, appellant must "[p]ermit [appellee] to inspect the property and records proving the loss or damage," and, upon request, submit to questioning under oath "about any matter relating to this insurance or your claim, including your books and records." The policy also provided that appellant could not "bring a

legal action against [appellee]" unless it fully complied with all terms of the coverage section of the policy. Appellee contended in its motion for summary judgment that under this latter policy provision, appellant's failure to produce the necessary books and records precluded it from bringing this action.

An insurer is entitled to require its insured to abide by the policy terms, *Falagian v. Leader Nat. Ins. Co.*, 167 Ga. App. 800, 801 (307 SE2d 698) (1983), and the insured is required to cooperate with the insurer in investigation and resolution of the claim. *St. Paul Fire &c. Ins. Co. v. Gordon*, 116 Ga. App. 658, 660 (158 SE2d 278) (1967). A total failure to comply with policy provisions made a prerequisite to suit under the policy may constitute a breach precluding recovery from the insurer as a matter of law. See *Bowers v. Safeco Ins. Co.*, 187 Ga. App. 229, 230-231 (2) (369 SE2d 547) (1988); *Nichols v. Pearl Assur. Co.*, 71 Ga. App. 378 (1) (31 SE2d 127) (1944). If, however, the insured cooperates to some degree or provides an explanation for its noncompliance, a fact question is presented for resolution by a jury. *St. Paul v. Gordon*, supra; *Nichols*, supra at 378 (2). Moreover, the insurer's failure to act with diligence and good faith in securing the necessary information also will preclude the grant of summary judgment to the insurer on the issue of the insured's compliance with policy prerequisites. *Saft America, Inc. v. Ins. Co. of N. A.*, 155 Ga. App. 500 (271 SE2d 641) (1980); *St. Paul v. Gordon*, supra.

In the case at bar, appellant notified appellee that its books and records were destroyed in the fire, and appellee has presented no competent evidence to the contrary. We recognize that in such circumstances the insured is nonetheless obligated to cooperate with the insurer to obtain or reconstruct the information needed from other available sources. See *Halcome v. Cincinnati Ins. Co.*, 254 Ga. 742 (334 SE2d 155) (1985); *Bowers*, supra at 230-231 (2). However, we do not agree with the trial court's conclusion that appellant completely failed to meet this duty so as to compel judgment for appellee as a matter of law. The record is devoid of any evidence that appellee provided appellant with detailed lists of the specific documents it sought other than to reiterate in general language the policy requirement for production of "books and records." Although appellant's officers did volunteer during their depositions to provide some documentation, there is no evidence in the record to show that appellee either followed up these generalized statements' with specific requests, sought releases from appellant in order to obtain records from other sources, or otherwise pursued the matter further. See *Wages v. Atlanta Metro Taxicab*, 193 Ga. App. 601 (388 SE2d 733) (1989) (insurer not entitled to summary judgment because it failed clearly to invoke its claimed right to certain information); *Saft America*, supra (summary judgment reversed where insurer failed to designate the time and

place for insured's oral examination). Compare *Bowers*, supra at 229-231 (1, 2) (summary judgment for insurer appropriate because insurer gave explicit instructions to insured as to how to obtain substitute records but insured refused to comply). Moreover, since many of the documents appellee contends appellant should have produced belonged not to appellant but to other corporations controlled by Gary Sharma, appellant's officers were within their rights in declining to produce those documents absent proper document production requests. Accord *Pennsylvania Millers Mut. Ins. Co. v. Baker*, 180 Ga. App. 504, 505 (2) (349 SE2d 527) (1986) (insured not obligated to require spouse to submit to examination by insurer).

We do not agree with appellee's contention that *Halcome*, supra at 744, controls, for in that case the insurer made a showing on the record that it suspected fraud before the insureds filed suit, whereas here the only evidence in the record concerning appellee's suspicions that appellant's claim was inflated — an analysis prepared by an industry expert at appellee's request — was submitted to appellee after appellant filed suit. Moreover, the records at issue in *Halcome* were within the insureds' possession and control, and they offered no excuse for refusing to produce the requested records.

For these reasons, we hold that questions of fact remain concerning appellant's compliance with the policy prerequisites and appellee's diligence in obtaining the needed information. See *Hines v. State Farm Fire &c. Co.*, 815 F2d 648 (11th Cir. 1987). Accordingly, we reverse the grant of summary judgment to appellee.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MARCH 20, 1992 —
RECONSIDERATION DENIED APRIL 1, 1992 — 

*Glass, McCullough, Sherrill & Harrold, R. Phillip Shinall III, E. Paul Sabiston*, for appellant.

*Drew, Eckl & Farnham, Clayton H. Farnham*, for appellee.