[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14266
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 19, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 07-00058-CV-WSD-3

RUFUS PRATER,
CAMELLIA RENEE PRATER,

Defendants-Appellees,

versus

ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY,

Plaintiff-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 19, 2010)

Before DUBINA, Chief Judge, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Allstate Property & Casualty Insurance Company ("Allstate") appeals the district court's order denying its post-trial motions for judgment as a matter of law, or, in the alternative, a new trial. After reviewing the record, and reading the parties briefs, we conclude that the district court correctly denied both motions and affirm its order and the judgment entered on the jury's verdict.

## I. BACKGROUND

This appeal stems from a breach of contract action brought by Appellees Camellia and Rufus Prater against Appellant Allstate. Allstate provided the Praters with homeowner's insurance coverage during a period that included June 3, 2006, the day on which fire damaged a structure covered by the policy. After receiving no definitive answer about the status of their claim, the Praters sued Allstate on May 31, 2007, to adjudicate its liability on the insurance policy.

At trial, Allstate contested the accuracy of the inventory list submitted by the Praters that sought to itemize household items destroyed by the fire. Allstate alleged that the Praters breached the insurance contract by making material misstatements in their claim of loss. Additionally, Allstate alleged that the Praters breached the insurance contract by withholding from Allstate access to an off-site storage facility where Rufus Prater stored household items after the fire. Allstate claimed that the Praters' refusal to grant access violated their duty of cooperation

2

under the policy and thwarted Allstate's attempts to properly adjust the claim of loss. A jury rejected Allstate's arguments and awarded the Praters recovery under the policy for damages to the structure and its contents.

## II. STANDARD OF REVIEW

We review the denial of a motion for judgment as a matter of law de novo. *Chaney v. City of Orlando*, 483 F.3d 1221, 1227 (11th Cir. 2007). We review the denial of a motion for a new trial for an abuse of discretion. *McWhorter v. City of Birmingham*, 906 F.2d 674, 677 (11th Cir. 1990).

## III. DISCUSSION

Our review of motions made under Fed. R. Civ. P. 50 "is squarely and narrowly focused on the sufficiency of the evidence." *Chaney*, 483 F.3d at 1227. Allstate contends that it presented overwhelming evidence from which no reasonable jury could conclude that the Praters had fulfilled their contractual obligations or met their burden of production at trial. Specifically, Allstate claims that the Praters materially misrepresented their damages in their proof of loss form, that they failed to cooperate with Allstate it its adjustment of their claim, and that the Praters failed to produce evidence from which a jury could award damages without undue speculation. All parties agree that Georgia law governs this contract dispute.

3

After our thorough and independent review of the record, we conclude that the district court correctly denied Allstate's motion for judgment as a matter of law, and, consequently, did not abuse its discretion in denying Allstate's motion for a new trial. First, the evidence presented at trial showed a legitimate factual dispute about the existence and materiality of the Praters' alleged misrepresentations. Under Georgia law, it is generally "a jury question as to whether a misrepresentation may have actually affected the action of the insurer with respect to settling or adjusting a claim." *Ga. Farm Bureau Mut. Ins. Co. v. Richardson*, 457 S.E.2d 181, 184 (Ga. Ct. App. 1995). Although the Praters admitted that some of the items included in their proof of loss form were not actually damaged by the fire, it was up to the jury to decide whether those particular items–most notably a set of wall clocks and neon lights–were material with respect to the Praters' overall claim, in excess of $200,000.

Second, the Praters' compliance with the contract's cooperation requirement was a factual question appropriately reserved for the jury. Under Georgia law, a "total failure" to cooperate under the policy's terms may preclude recovery as a matter of law, but if "the insured cooperates to some degree or provides an explanation for its noncompliance, a fact question is presented for resolution by a jury." *Diamonds & Denims, Inc. v. First of Ga. Ins. Co.*, 417 S.E.2d 440, 441-42

4

(Ga. Ct. App. 1992). Here, Mr. Prater's single refusal to allow Allstate to inspect the storage facility, when considered in context with his decision to move the contents of the facility back to the damaged property before Allstate's inspection and his other acts of cooperation during the adjustment period, does not amount to a "total failure" of cooperation that precludes recovery under the policy as a matter of law.

Finally, the damage estimates presented to the jury allowed it to arrive at its verdict with the "reasonable certainty" required by Georgia law. *See Crankshaw v. Stanley Homes, Inc.*, 207 S.E.2d 241, 243 (Ga. Ct. App. 1974). Testimony about the amount of damages by the party claiming loss is sufficient evidence from which to calculate an award. *See id.* at 243-44. Here, the amount of damage to the Praters' structure is undisputed, and the Praters' testimony about the contents of the inventory list and value of those items was sufficient evidence from which the jury could make an award with reasonable certainty.

## IV. CONCLUSION

The district court correctly denied Allstate's motions made under Fed. R. Civ. P. 50. The district court properly submitted to the jury questions about the materiality of the errors on the Praters' proof of loss form and the sufficiency of their cooperation with Allstate under the policy's terms. Finally, it was permissible

5

for the jury to credit the Praters' testimony about their damages in calculating the damage award. Accordingly, we affirm the district court's order and its judgment entered on the jury's verdict.

**AFFIRMED.**