**SHAN HSU, Chao Ching Wu,**
**Plaintiffs–Appellants,**

v.

**SAFECO INSURANCE COMPANY OF INDIANA, Defendant–Appellee.**

No. 15–14674
**Non–Argument Calendar**

United States Court of Appeals,
Eleventh Circuit.

Date Filed: 07/05/2016

Kennon Peebles, Jr., Law Office of Kennon Peebles, Jr., Duluth, GA for Plaintiffs–Appellants

Brent J. Kaplan, Isenberg & Hewitt, PC, Atlanta, GA for Defendant–Appellee

Before WILSON, ROSENBAUM and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiffs–Appellants Shan Hsu and Chao Ching Wu ("Plaintiffs") appeal from the district court's grant of summary judgment to Defendant–Appellee Safeco Insurance Company of Indiana ("the Insurance Company") in their action seeking to recover on a homeowner's insurance policy ("the Policy") issued by the Insurance Company. The district court held that Plaintiffs were barred from recovery because there was no genuine issue of material fact that Plaintiffs failed to comply with the provisions of the Policy before filing suit. Specifically, the district court held that Plaintiffs were not entitled to recover because they failed to cooperate with the insurer in the investigation and resolution of the claim as required by the Policy because Plaintiffs failed to produce certain federal income tax returns requested by the Insurance Company.

On appeal, Plaintiffs do not challenge the district court's finding that the Policy authorizes the Insurance Company to request, and requires the insureds to provide, "records and documents we request and permit us to make copies," and that compliance with such was a precondition to suit. Plaintiffs also do not challenge the district court's finding that they failed to fully comply with the Insurance Company's request to produce "income tax returns dating back to 2009, including all worksheets and schedules." Instead, Plaintiffs argue that it was error for the district court to grant summary judgment because there is a genuine issue of fact as to whether they acted in "good faith" in producing tax returns in their possession and authorizing the Insurance Company to ob-

tain the tax returns directly from the Internal Revenue Service ("IRS") and whether the insurance company failed to act with "diligence and good faith" in procuring the requested documents.[1]

This Court reviews a district court's grant of summary judgment *de novo*. Summary judgment is appropriate when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Under Georgia law, an insurer may require its insured to abide by the terms of his policy and cooperate with the insurer's investigation as a precondition to recovery. Diamonds & Denims, Inc. v. First of Ga. Ins. Co., 203 Ga.App. 681, 417 S.E.2d 440, 441–42 (1992). Where the insured is required to produce documents and those documents are unavailable, the insured has a duty to "cooperate with the insurer to obtain or reconstruct the information needed from other available sources." Id. at 442. The Georgia Supreme Court has held that an insured's failure "to provide *any* material information called for under ... the policy" constitutes a breach of contract. Halcome v. Cincinnati Ins. Co., 254 Ga. 742, 334 S.E.2d 155, 157 (1985) (emphasis in original).

Plaintiffs rely on the Georgia Court of Appeals' decision in Diamonds & Denims for the proposition that where an insured "cooperates to some degree or provides an explanation for its noncompliance" or where "the insure[r] fail[s] to act with diligence and good faith in securing the necessary information," summary judgment in favor of the insurer is inappropri-

---

1. Plaintiffs also argue for the first time on appeal that the requested documents were not "material" to their claim. Because Plaintiffs did not raise this issue before the district court, it is abandoned. See Access Now, Inc.

v. S.W. Airlines Co., 385 F.3d 1324 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this Court.").

ate. 417 S.E.2d at 442. In that case, the plaintiff, a silk plant and flower supply company, made a claim under its commercial property and liability insurance policy after its warehouse was destroyed by fire. The insurance company made broad general requests for "books and records" per the policy requirement but did not specify any particular documents to be produced. Id. The insured explained that all of its documents were destroyed in the fire but during the course of depositions offered to provide alternative documentation. The insurance company, however, made no attempt to follow up on this offer and procure those documents, and "no evidence showed that the insurer followed up these generalized statements with specific requests, sought releases from appellant in order to obtain records from other sources, or otherwise pursued the matter further." Id. In light of the evidence of the insured's good faith, the Georgia Court of Appeals held that summary judgment in favor of the insurer was inappropriate because "questions of fact remain concerning appellant's compliance with the policy prerequisites and appellee's diligence in obtaining the needed information." Id.

The Insurance Company responds that the facts in the instant case are much closer to Allstate Insurance Company v. Hamler, 247 Ga.App. 574, 545 S.E.2d 12 (2001). Hamler was a breach of contract action brought by an insured homeowner against her insurer for property that was allegedly stolen from the insured's home. In that case, the insured provided certain documents to the insurer but failed or refused to provide specific other documents requested by the insurance company, including federal income tax returns, during the insurance company's investigation of her claim. The insured then sued for breach of contract. The Georgia Court of Appeals rejected the insured's proffered defense based on Diamonds & Denims that "because she provided some documentation requested by Allstate, a fact question exists as to whether she complied with the policy terms." Id. at 15. Instead, the court held that the insurance company was entitled to summary judgment because the insured "refused to provide information ... despite a lengthy and detailed request by Allstate." Id.

■ We agree with the Insurance Company. This case is readily distinguishable from Diamonds & Denims and much closer to Hamler. As in Hamler and unlike in Diamonds & Denims, the Insurance Company in the instant case requested specific documents: all income tax returns dating back to 2009, including all worksheets and schedules. The insureds failed to provide all of the requested documents, explaining that their tax information had been stolen by a former accountant. Instead, in early March 2014, the insured provided the Insurance Company with a written authorization to retrieve the tax returns directly from the IRS. The Insurance Company attempted to retrieve the records from the IRS, but the documents were apparently mailed to the Plaintiffs. As in Hamler, and unlike in Diamonds & Denims, the Insurance Company then diligently pursued the matter and the insureds failed to cooperate. On May 19, 2014, the Insurance Company sent a follow-up letter to Plaintiffs, explaining that the IRS had sent the documents directly to the Plaintiffs and requesting Plaintiffs to forward the documents to the Insurance Company. Plaintiffs failed to respond. On June 22, 2014, the Insurance Company sent a second follow-up letter requesting Plaintiffs to forward the requested documents to the Insurance Company. Plaintiffs again failed to respond. Plaintiffs offer no excuse or explanation for this failure to respond to the Insurance Company's re-

quests. Plaintiffs subsequently filed suit on June 30, 2014.

We agree with the district court that there is no genuine issue of material fact as to whether Plaintiffs breached the contract of insurance. Therefore, upon review of the record and consideration of the parties' briefs, we affirm the district court's grant of summary judgment to the Insurance Company.

**AFFIRMED.**