[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13514

Non-Argument Calendar

_____

LONNIE LOVE,

Plaintiff-Appellant,

*versus*

STATE FARM FLORIDA INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-00786-ELR

_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Lonnie Love claims that robbers stole $137,000 of jewelry from his car, which they took during a gunfight in a strip-club parking lot. Love filed a claim with his insurance carrier, State Farm. In a series of follow-up letters, State Farm asked for numerous documents and an examination under oath to help it assess the claim. Love, thinking many of the requests burdensome and irrelevant, sat for the examination but only supplied some of the documents and never completed the follow-up paperwork.

When State Farm—which never received the requested documents—failed to promptly pay the claim, Love sued for breach of contract. State Farm sought summary judgment, arguing that Love's premature suit was itself a breach of the policy. It points to several provisions in the insurance contract to which Love agreed:

**8. Examination Under Oath.** You agree:

a. to be examined under oath and subscribe to the same as often as we reasonably require;

. . .

d. to produce such records as we may need to verify the claim and its amount, and to permit copies of such records to be made if needed.

> **9. Suit Against Us.**  No action will be brought unless:
> a. there has been compliance with the policy provi-
> sions

Doc. 1-1 at 27.  In State Farm's view, Love's failure to provide all the requested documents violated Condition 8 and his filing of the suit while violating Condition 8 was itself a violation of Condition 9.  The district court agreed and granted summary judgment to State Farm.

On appeal, Love presents two arguments.[1]  First, Love argues that summary judgment is inappropriate because there is a

---

[1] Love's opening brief's "Statement of the Issues" includes an additional issue: "Whether the district court erred in granting summary judgment on Appellant's other claims while discovery remained pending and Appellant had not yet had an opportunity to establish a record regarding the claims under investigation through discovery."  Other than a conclusory statement in the fact section that "the denial of Appellant's other claims were premature," Love advances no arguments to support this claim.  Accordingly, he has forfeited it. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

Love also makes a cursory argument that State Farm's failure to agree to a dismissal waived the breach of Condition 9.  But because Love admits that the facts are not in the record and does not cite any legal authorities, he has likewise forfeited that argument. *See id.* at 682 ("The brief makes no argument and cites no authorities to support those conclusory assertions."); Fed. R. App. P. 28(a)(8) ("The appellant's brief must contain . . . (8) the argument, which must contain: (A) appellant's contentions and the reasons for them, with cita-tions to the authorities and parts of the record on which the appellant relies.").

genuine dispute about whether he violated Condition 8.  Second, Love disputes the remedy.  He claims that even if he sued too soon—before he complied with Condition 8—the remedy should be dismissal of his suit to allow him to satisfy the conditions rather than granting judgment on the merits of his contract claim.

After careful review, we agree with the district court and affirm summary judgment for State Farm.

## I

Love claims that there is a genuine dispute about whether he breached the contract.[2]  In the alternative, he argues that State Farm's own bad faith precludes summary judgment even if he breached.

## A

Love provided a police report, appraisals and photos related to some of the jewelry, and a sworn statement, and he sat for an examination under oath.  But, as the district court explained, Love "does not appear to deny that he has failed to produce the majority of the documents" that State Farm requested:  numerous financial records related to the purchase of the jewelry, the police inventory

---

[2] Under Georgia law, a breach of contract claim requires showing "(1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *McAlister v. Clifton*, 873 S.E.2d 178, 183 (Ga. 2022).

of the stolen car, information about a recent flight, and a signed errata sheet for his examination under oath.  Doc. 47 at 8–9.

On appeal, Love argues that whether the records he failed to provide were "need[ed] to verify the claim and its amount"—as that phrase is used in Condition 8—is a jury question.  He disputes the applicable Georgia law standard for measuring compliance.

Echoing the district court's reasoning, State Farm contends that *Halcome v. Cincinnati Insurance Co.*, 334 S.E.2d 155, 157 (Ga. 1985), does two important things:  It (1) makes the focus whether any material information wasn't provided and (2) holds that this issue *can* be decided as a matter of law.  We agree.  For insurance contracts like the one here, we've already interpreted *Halcome* to require "an insured to provide any 'material information' to the insurer that the insurer is entitled to receive under the insurance policy" and said that "absent an excusable failure to do so" that failure would "constitute[] a breach of the insurance contract."  *Hines v. State Farm Fire & Cas. Co.*, 815 F.2d 648, 651 (11th Cir. 1987).  And at least in appropriate circumstances, this can be decided by a court as a matter of law.  Indeed, the *Halcome* court itself decided that the income records of the couple suspected of multiple insurance frauds in that case were material to their claim.  334 S.E.2d at 157.

The withheld documents here are, if anything, more material than the records in *Halcome*, which merely bore on the potential motive for the fraud.  Here, for example, the financial documentation regarding Love's purchase of a "Band Ring" was necessary to establish that he ever owned an item that he claimed was

stolen.  This is important because State Farm had a reasonable basis to question whether he did.  Love could not recall when or from whom he had purchased it.  And the appraisal he provided didn't include his name.  And as the district court held, other material requests went to determining the value of the jewelry and whether Love possessed it on the night it was stolen.

Love's failure to provide these records would not be fatal to his claim if he had a reasonable excuse.  In *Hines*, we held that an insured's inability to provide documents because they had been destroyed by a fire was reasonable and that there was a jury question about whether the documents had been destroyed.  815 F.2d at 652.  But here, Love does not claim that the documents are unavailable.  And he offers no excuse other than that he doesn't think that they are material.[3]

Instead, Love points to *Diamonds & Denims, Inc. v. First of Georgia Insurance Co.*, 417 S.E.2d 440 (Ga. App. 1992), whose language, he says, suggests that *partial* failures to provide information always give rise to a jury question regarding compliance.  *Id.* at 441–42.  But *Diamonds*—a lower court case—explicitly distinguished *Halcome*—the controlling Georgia Supreme Court decision—on two bases, saying that *Halcome* didn't apply (1) when

---

[3] In his reply brief, Love advances—for the first time—the argument that he "provided [State Farm] with the records that he was able to locate."  We do not, however, consider arguments raised for the first time in a reply brief.  *United States v. Martinez*, 83 F.3d 371, 377 n.6 (11th Cir.1996).

there was no suspicion of fraud and (2) when the records had been destroyed. *Id.* at 442. Unfortunately for Love, this case is like *Halcome*—not *Diamonds*—on both scores.

There is no genuine dispute about whether Love failed to provide material requests to State Farm.

**B**

Love also relies on a second statement in *Diamonds* that "the insurer's failure to act with diligence and good faith in securing the necessary information also will preclude the grant of summary judgment to the insurer on the issue of the insured's compliance with policy prerequisites." 417 S.E.2d at 442 (citing *Saft Am., Inc. v. Ins. Co. of N.A.*, 271 S.E.2d 641 (Ga. App. 1980); *St. Paul Fire & Marine Ins. Co. v. Gordon*, 158 S.E.2d 278 (Ga. App. 1967)). But the insurer's dilatory conduct must relate to the specific "necessary information" that constituted the breach. For example, the *Saft* court refused to penalize the insured for failing to complete an examination under oath when the insurer failed to fulfill its steps necessary to scheduling the examination. 271 S.E.2d at 642. In *Diamonds*, the insured notified the insurer that the requested records were destroyed in a fire. 417 S.E.2d at 442. The insurer then merely "reiterate[d] in general language the policy requirement for production of 'books and records'" but never "followed up these generalized statements with specific requests, sought releases from [the insured] in order to obtain records from other sources, or otherwise pursued the matter further." *Id.* So—using *Halcome*'s phrasing—in *Saft* and *Diamonds*, the insurer's actions contributed

to the "excusable failure" of the insured to produce the specific items alleged to constitute the breach.  *See* 334 S.E.2d at 157.

Love's claim is different.  He isn't saying that State Farm somehow contributed to his failure to provide the requested information.  Instead, Love objects that State Farm didn't continue processing his claim while it waited for his responses.  But he points us to no legal authority which would require that or otherwise suggest how it would excuse his breach.

⋆    ⋆    ⋆

The district court properly determined that there is no genuine dispute about (1) whether Love failed to provide material information and (2) whether Love's failure was unexcused.  The district court, therefore, properly granted summary judgment to State Farm.

II

Love also argues that a dismissal without prejudice would be the appropriate remedy because even if he breached the contract, it isn't void.  But he cites no authority explaining why a party who satisfies Rule 56's requirements for obtaining summary judgment isn't entitled to a *judgment*.

What Love actually seems to seek is clarity about his prospective rights.  In essence, he seems to ask us to say that the contract remains in effect and that, if he cures the conditions, he can refile his suit.  But that question is one about the preclusive effect of the judgment, not whether the judgment itself is appropriate.

22-13514                Opinion of the Court                9

And whether the judgment in this case has preclusive effect is not a question presented in *this* case; it is a question to be answered in any ensuing suit. Were we to answer it here, we would, in essence, be issuing an advisory opinion. *E.g.*, *Personalized User Model, LLP v. Google Inc.*, 797 F.3d 1341, 1350 (Fed. Cir. 2015). Accordingly, we lack the authority to give Love the clarity he seeks. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992).

## III

For the foregoing reasons, we affirm.

**AFFIRMED.**