### 62570. MORRIS v. AETNA LIFE INSURANCE COMPANY.

BIRDSONG, Judge.

No-Fault: Personal Injury Protection Claim. On March 24, 1979, Lee Morris was involved in an automobile collision while operating his mother's car. Morris was not listed as an operator of the car on his mother's policy, the coverage being carried by the appellee, Aetna Life Ins. Co. There is no dispute that Morris is a "covered person" within the no-fault protection of the policy. Aetna paid all claims submitted by Morris except the one involving a medical bill which is the subject of this litigation and appeal.

On May 10, 1979, Morris submitted a bill to Aetna involving chiropractic treatment in an amount of $487. The claims examiner who handled the claim testified by deposition that in her opinion the amount claimed was larger than usually presented for such treatment in so short a time. As a result, Morris was requested to submit to an independant medical examination by a doctor of the insurer's choice. Appellant's attorney responded by mail telling Aetna that the provisions of law creating PIP coverage did not require submission for medical examination. He contended that such a provision violated public policy and as a result had advised Morris not to submit to the independent examination. Aetna by correspondence on two occasions informed Morris that the claim for the medical bill would be delayed until he submitted to the medical examination. Nevertheless, the claim was submitted to a peer committee which found the claim to be reasonable and authorized its payment. The adjuster had already sent an interim payment of $200 in satisfaction of the claim for $487 on the premise that at least a portion of the medical claim was justified. Ultimately on August 1, 1979, a check in the amount of $584 was sent to appellant's counsel in satisfaction of all claims for medical services. This check was retained by appellant's attorney and not negotiated. It was returned unnegotiated to Aetna in September, 1980, after suit had been filed.

Mrs. Morris' policy with Aetna provided that Aetna would have the right to request medical examination as a part of investigation of any claim (including PIP) made under the policy. Morris brought suit against Aetna for the full amount of the medical claim plus penalty and attorney fees for refusing to pay the claim within 30 days. Aetna, after appropriate discovery, moved for summary judgment alleging that Morris breached the contract by refusing to submit to an

independent medical examination and that all claims had in fact been paid or retained by Morris. The trial court granted summary judgment to Aetna. Morris now brings this appeal enumerating six errors. *Held:*

1. In the first two enumerations of error, Morris complains that the trial court erred in concluding there was a contractual obligation which was binding upon him in that any such contract lacked consideration, and that such a clause in the contract was invalid as being contrary to the public policy underlying the statutory predicate for PIP.

Appellant argues that since he did not sign the contract and was not privy to a contract with Aetna, he was not bound by its provisions. We reject such an argument out of hand. Upon choosing to invoke coverage, an additional insured is bound by the terms of the policy and any restrictions imposed by the policy terms. *Ericson v. Hill,* 109 Ga. App. 759 (1) (a) (b) (c) (137 SE2d 374). Clearly, an unlisted but covered insured cannot elect to invoke coverage of an agreement and reject other portions of the same agreement. *Cotton States Mut. Ins. Co. v. Martin,* 110 Ga. App. 309, 311 (138 SE2d 433). See *Leventhal v. American Bankers Ins. Co.,* 159 Ga. App. 104, 105-106 (4) (283 SE2d 3).

As to his argument that the asserted right of Aetna to require an additional medical examination violates the liberal protection accorded by statute in PIP coverage, appellant's position is tenuous at best. Appellant contends that because the statute authorizing PIP does not include an insurer's right to require reasonable assistance in investigating such claims, no right to require cooperation of an insured in investigating a claim exists. Such a conclusion by this court would at least tend to ignore the possibility of the exercise of potential fraud. Procedurally, we visualize a PIP claim as no different than any other claim against an insurer. It hardly can be argued that an insurer cannot investigate what reasonably appears to be a questionable claim simply because the underlying statute authorizing the coverage does not mention such investigative rights. See *Moss v. Cincinnati Ins. Co.,* 154 Ga. App. 165, 166 (268 SE2d 676). Aetna's right to investigate the claim was reasonable and as such did not constitute a limitation by an insured to collect a valid claim under PIP protection; neither was it a violation of public policy or of the Georgia No-Fault Act.

2. In enumerations 3 and 4, appellant complains that the trial court erred in concluding that Aetna did not act in bad faith and in failing to send to a jury the issue of a bad faith refusal to pay the medical claim.

In substance the trial court concluded as a matter of law that

Aetna through its agents had exercised reasonable judgment and acted in good faith by delaying payment of the disputed claim. We find no error in such a conclusion by the trial court. It is not disputed that Aetna promptly paid a part and ultimately paid or attempted to pay the entire claim arising out of the collision in question. We have already held in the first division of this opinion that Aetna had a right to require Morris to abide by the terms of the policy. The unrebutted testimony of the claims agent showed that Aetna never intended not to pay all just portions of the claim from the time of its submission. It merely delayed full payment pending a determination of the legitimacy of the medical portion. Furthermore, the retention of the check by Morris (or his counsel) for more than a year constituted acceptance of the check in full payment of the claim. *Fidelity &c. Co. v. C. E. B. M.,* 116 Ga. App. 92 (156 SE2d 467). It follows that if Aetna paid the claim in full and within contemplation of law Morris accepted that payment, it ill-behooves Morris to contend that Aetna acted in bad faith in refusing to make timely payments. On the basis of such evidence, the trial court acted properly in concluding that Aetna had shown no bad faith.

Moreover, the trial court did not err in failing to submit the issue of bad faith to a jury. In addition to the reasons set forth above, we conclude that Morris breached the insurance contract by failing to submit to the requested medical examination. *Wolverine Ins. Co. v. Sorrough,* 122 Ga. App. 556 (177 SE2d 819). A breach of the contract prevents any recovery upon it and entitled Aetna to withhold payment entirely. *Ericson v. Hill,* supra. Inasmuch as Aetna was not required to make any payment it defies logic to argue that Aetna could have acted in bad faith by delaying full payment pending an investigation of the legitimacy of the medical claim. The evidence before the trial court demanded the grant of summary judgment. See *McGuire v. Associates Capital Services Corp.,* 133 Ga. App. 408, 411 (210 SE2d 862). We conclude therefore there is no merit in enumerations 3 or 4.

3. In his fifth enumeration of error, appellant argues the trial court erred in failing to submit to the jury the issue whether Aetna actually paid Morris the medical claim in view of the fact that he (Morris) returned the check uncashed. As previously discussed in this opinion, Morris is precluded from making such an argument in view of his retention of the check for more than a year after receiving it. *Fidelity &c. Co. v. C. E. B. M.,* supra. We find no merit in this enumeration.

4. Finally, Morris contends that the court erred in holding Aetna was justified in refusing Morris' claim. We have already discussed each of the contentions advanced by appellant in support

of this argument, i.e., that no contract existed between Morris and Aetna; that the request for medical evaluation was void as being against public policy; that Aetna acted in bad faith in delaying the no-fault benefits for more than 30 days; and that appellant's return of the check left the claim outstanding.

We also note in this regard that no case law in this state has come to our attention discussing the question of a clause in the PIP — No-Fault policy requiring a claimant to submit to medical examination or how such a clause fits within concepts of public policy. Although we have settled that question hereinabove, the novelty of the question would certainly eliminate any question of bad faith in delaying payment by Aetna. See *Bituminous Cas. Corp. v. Mowery,* 145 Ga. App. 45 (2) (244 SE2d 573). We find no merit in this last enumeration.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 24, 1981.

*E. Graydon Shuford,* for appellant.
*William L. Spearman, James G. Jackson,* for appellee.