76989. SAXON v. COLONIAL INSURANCE COMPANY OF CALIFORNIA.

(373 SE2d 91)

BIRDSONG, Chief Judge.

Theodora Saxon appeals the grant of summary judgment to Colonial Insurance Company of California.

Saxon's insurance claims arose out of an accident which occurred July 29, 1985. The trial court, upon a finding of certain facts not materially disputed by Saxon, held Saxon forfeited any rights to benefits under her policy of insurance because she breached the terms of the contract by failing to perform her duties thereunder, i.e., by failing to complete and return any no-fault benefit application until October 31, 1986, fifteen months after she initially reported the accident to the insurer; and by failing to aid in the insurer's investigation of the claim.

The trial court's finding of facts shows essentially that Saxon had emergency room treatment on the date of the accident (July 29, 1985) and on August 2, 1985. She reported the accident to her insurer on August 7, 1985. That same month, when the insurer contacted her, she reported that she would seek more treatment and she did have further medical treatments from March 10 to June 23, 1986.

As early as August 1985, the insurer sent Saxon an application for no-fault benefits and requested her to complete it; she refused. The insurer requested her to attend an independent medical exam, pursuant to the insurance contract, on October 24, 1985, but she failed to attend. She hired an attorney, who advised the insurer that Saxon would be completing and returning the policy-required no-fault benefits application, and would submit to an independent medical examination. However, despite a second scheduled examination, Saxon has failed to apprise us that she ever did submit to an independent medical examination. She sent some medical bills to the insurer in March 1986, but the insurer refused to pay because of her failure to comply with the policy requirements. Not until October 1986, did she send insurer the bill for emergency room treatments that occurred immediately after the accident on July 29 and August 2, 1985. She finally did send in a no-fault benefits application in October 1986.

The insurer paid her medical bills incurred up to October 24, 1985, the date she failed to attend the first requested independent medical examination, but refused all else. *Held*:

1. On appeal, Saxon urges that the question whether the in-

surer's refusal to pay was reasonable, is for the jury. See *Bituminous Cas. Corp. v. Mowery*, 145 Ga. App. 45 (244 SE2d 573). However, this is clearly a case where the issue can be decided as a matter of law and the trial court did not err in doing so. *Falagian v. Leader Nat. Ins. Co.*, 167 Ga. App. 800 (307 SE2d 698); see *Hudson v. Omaha Indem. Co.*, 183 Ga. App. 847 (360 SE2d 406).

Although appellant Saxon did on August 7, 1985, report to the insurer that she had had an accident on July 29, 1985, and had received medical treatments, she failed and refused for 15 months the insurer's attempts to get her to apply for no-fault benefits by filing an application as required by the policy, and failed to submit to two independent medical examinations as required as part of her duties under the policy. She never even submitted a bill for her initial emergency room treatments until 15 months later in October 1986. The insurer paid these bills, because they were incurred before her first refusal to cooperate by attending an independent medical exam, on October 24, 1985. The insurer has clearly borne its burden to prove beyond any material issue of fact that at least as to any expenses incurred after that date, the insurer's refusal to pay benefits was reasonable because the appellant Saxon failed to comply with her contractual duties and breached the contract. Notwithstanding the liberal beneficial intentions underlying the no-fault act, the insurer had the right to require her to assist in investigating and verifying any claim she might make and her repeated failure to do so disentitles her to further benefits under the contract. *Morris v. Aetna Life Ins. Co.*, 160 Ga. App. 484 (287 SE2d 388).

2. Saxon contends that if this ruling as to medical expenses be correct, she is then entitled to payment for lost wages up to that first date of non-cooperation, October 24, 1985. The fact is, however, that she has not shown that she has ever made a claim for lost wages, at least until October 1986, when she finally submitted a no-fault benefits application. The fact that the insurer voluntarily paid her for medical treatments incurred before she refused to cooperate with the insurer's right to investigate the claim, does not operate to require the insurer to pay any lost wages incurred up to that date. As far as appellant has pointed out to us, there was no proof of claim of lost wages, until October 1986, and certainly there was never any cooperation or assistance by her in proving such a claim.

She simply contends, in essence, that she is entitled to receive lost wages benefits without any proof of claim, or cooperation or compliance with her contract obligations. This is not a reasonable assertion under the terms of the policy, and does not keep alive any issue of fact as to any further right of Saxon to receive benefits under this policy.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 14, 1988.

*Harris Odell, Jr.*, for appellant.
*Edward M. Hughes*, for appellee.