77743. HAIRSTON v. AUTO-OWNERS INSURANCE COMPANY.
(377 SE2d 538)

DEEN, Presiding Judge.

The appellant, Shawn Hairston, was injured on June 1, 1985, when the pick-up truck on which he was a passenger was struck by another vehicle. The pick-up truck was owned by Lewis Lockerman, who had an automobile insurance policy issued by the appellee, Auto-Owners Insurance Company. Lockerman had allowed his nephew, John Bryant, and several of Bryant's friends to drive the truck to Florida after a high school graduation. Lockerman personally never reported the incident to the appellee because his truck was not damaged and the other driver was at fault.

On September 10, 1985, Hairston's attorney submitted a PIP claim form, a copy of the accident report, and various medical bills to an insurance agency, which passed the material on to another insurance agency that was the appellee's agent. On September 12, 1985, Hairston's attorney provided verification of Hairston's salary for the PIP claim. These communications referenced John Bryant as the named insured and owner of the truck, a 1984 Ford Ranger as the vehicle, State Farm Insurance Company as the insurer, and the insurance policy number as 4721867D0611. The appellee, however, had issued a policy to Lockerman, not Bryant, as the named insured, with

the policy number of 840118 03021662, covering a 1983 Ford Ranger owned by Lockerman. The policy did not contain a vehicle identification number. Bryant was listed as a member of Lockerman's household and as an additional driver.

In an attempt to ascertain whether the 1984 Ford Ranger truck actually was the 1983 Ford Ranger covered under Lockerman's policy, the appellee made five written requests to Lockerman for him to contact the appellee to discuss the matter. Lockerman did not contact the appellee until November 19, 1985, at which time the appellee determined that the policy mistakenly listed a 1983 rather than a 1984 vehicle. Before payment of the claim could be made under the policy, however, an endorsement amendment had to be issued. Such an endorsement was requested on December 6, 1985, and issued on December 23, 1985. Payment of Hairston's claim occurred on the same day as the issuance of the endorsement.

Hairston commenced this action on December 3, 1985, seeking attorney fees and punitive damages for the appellee's tardy payment of the claim. The trial court granted summary judgment for the appellee, and this appeal followed. *Held*:

The question of reasonableness of an insurer's failure to pay a claim within the 30/60 day time periods allowed under OCGA § 33-34-6 (b), (c) usually is for jury resolution, "but there are instances in which it can be decided as a matter of law by the court. [Cit.]" *Falagian v. Leader Nat. Ins. Co.*, 167 Ga. App. 800 (307 SE2d 698) (1983). In this case, Hairston's notice of claim submitted to the appellee provided the wrong name for the insured, the wrong name of the insurance company, the wrong policy number, and a different year model of vehicle. Immediately upon clearing up the confusion, the appellee proceeded to obtain the necessary endorsement and pay the claim. As did the trial court, we find no genuine issue of fact that the delay in payment of Hairston's claim resulted from the misinformation provided by Hairston, rather than any bad faith refusal to pay, and the trial court properly granted summary judgment for the appellee.

*Judgment affirmed. Sognier, J., concurs. Carley, C. J., concurs in the judgment only.*

DECIDED JANUARY 3, 1989.

*Chambless & Chambless, Vernon L. Chambless, Sylvester & Associates, Chuck Sylvester*, for appellant.

*Martin, Snow, Grant & Napier, John C. Edwards, John C. Daniel III*, for appellee.

*Thomas W. Bennett, James E. Butler, John M. Hyatt*, amici cu-

riae.