A89A0027. RICKS v. HANOVER INSURANCE COMPANY.
(381 SE2d 411)

Pope, Judge.

Appellant Edgar Ricks appeals from the trial court's grant of partial summary judgment in favor of appellee the Hanover Insurance Company on appellant's claim for penalties, attorney fees and punitive damages pursuant to OCGA § 33-34-6. *Held*:

1. Appellee's motion to dismiss the appeal on the ground that appellant has failed to adhere to the rules of this court by omitting specific references to the record in support of the statement of facts contained in his brief is denied. See, e.g., *Gerdes v. Dziewinski*, 182 Ga. App. 764 (1) (357 SE2d 110) (1987).

2. OCGA § 33-34-6 provides, in pertinent part, as follows: "(b) Benefits required to be paid without regard to fault shall be payable monthly as loss accrues. The benefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the fact and the amount of loss sustained. If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after proof is received by the insurer. Any part or all of the remainder of the claim that is later supported by reasonable proof is overdue if not paid within 30 days after proof is received by the insurer. . . . In the event the insurer fails to pay each benefit when due, the person entitled to the benefits may bring an action to recover them and the insurer must show that its failure or refusal to pay was in good faith, otherwise the insurer shall be liable for a penalty not exceeding 25 percent of the amount due and reasonable attorney's fees." Subsection (c) also provides: "In addition to all other penalties provided for in this Code section, in the event that an insurer fails or refuses to pay a person the benefits which the person is entitled to under this chapter within 60 days after proper proof of loss has been filed, the person may bring an action to recover the benefits; and, if the insurer fails to prove that its failure or refusal to pay the benefits was in good faith, the insurer shall be subject to punitive damages."

The record shows that appellant was injured on July 31, 1984, when he was involved in an automobile accident while driving a vehicle owned by his employer. Appellant began collecting personal injury protection (PIP) benefits under a motor vehicle policy covering the vehicle issued by appellee. On October 30, 1984, at the request of appellee, appellant submitted to a physical examination performed by

Dr. Warner Wood. Dr. Wood's report indicated that he found no abnormality or permanent physical impairment as a result of the accident and concluded that appellant could return to work. Dr. Wood further opined that appellant might need to be re-evaluated if his return to work caused a recurrence of his injuries.

Appellant, however, insisted that he remained unable to return to work and appellee continued the payment of benefits despite Dr. Wood's report. On November 26, 1984, an employee of appellee spoke via telephone with an employee of Dr. Myerson, who had been treating appellant for his injuries since the time of the accident, and was informed that Dr. Myerson had released appellant to return to work on November 1, 1984. Appellee contacted appellant's counsel who indicated that appellant would return to work on December 17, 1984. Appellee, however, was later advised that appellant did not resume his work duties on the anticipated date because of his continuing disability.

In January of 1985 Dr. Myerson referred appellant to Dr. Mogelnicke who administered nerve block injections into the afflicted areas in hopes of alleviating appellant's symptoms. According to the deposition of Dr. Myerson, Dr. Mogelnicke advised appellant not to return to work while he was receiving these injections, which Dr. Mogelnicke continued to administer until March 1985. On February 20, 1985, again at appellee's request, appellant was examined by Dr. Perry White. Although Dr. White was advised by appellant that he was receiving injections, Dr. White opined that his findings regarding appellant's physical condition did not support the appellant's subjective complaints and concluded that appellant was physically capable of resuming, without restriction, his usual employment duties. Based on these findings, as well as the earlier report of Dr. Wood, appellee made a final PIP payment to appellant on February 26, 1985, and then terminated coverage. Appellant was released to return to work by Dr. Myerson on May 20, 1985.

"Ordinarily, the question of good or bad faith is reserved for the jury, but where there is no evidence of a frivolous or unfounded refusal to pay, or if the issue of liability is a close one, the court should [as a matter of law] disallow imposition of bad faith penalties. *Georgia Farm Bureau Mut. Ins. Co. v. Matthews*, 149 Ga. App. 350 (254 SE2d 413) (1979); *Pearl Assur. Co. v. Nichols*, 73 Ga. App. 452, 455 (37 SE2d 227) (1946)." *Government Employees Ins. Co. v. Presley*, 174 Ga. App. 562, 566 (330 SE2d 779) (1985). Applying this rule to the case at bar, and pretermitting the issue concerning the *correctness* of appellee's decision to terminate benefits, which is to be resolved by a jury, we agree with the trial court "that . . . the decision to terminate PIP benefits was not unreasonable, unfounded, or frivolous" and that the record discloses no basis which would warrant the

imposition of bad faith penalties, attorney fees and punitive damages pursuant to OCGA § 33-34-6. Consequently, the trial court's grant of partial summary judgment to appellee is affirmed. See also *Strickland v. American Home Assur. Co.*, 186 Ga. App. 425, 427 (367 SE2d 241) (1988); *Georgia Farm Bureau &c. Ins. Co. v. Pendley*, 155 Ga. App. 674 (2) (272 SE2d 540) (1980); *Allen v. Nat. Liberty Life Ins. Co.*, 153 Ga. App. 579 (266 SE2d 269) (1980).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED APRIL 4, 1989.

*Raymond V. Giudice*, for appellant.

*Pierce, Goldner, Sommers & Scrudder, Alfred A. Quillian, Jr., Stephen L. Goldner*, for appellee.