■ S. Lee Cabe, Appellant-Respondent, v Aetna Casualty & Surety Company, Respondent-Appellant.—In an action to recover under a fire insurance policy, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Patsalos, J.), dated April 6, 1988, as denied his cross motion to compel the defendant to accept his supplemental bill of particulars and information concerning experts, and the defendant cross-appeals from so much of the same order as denied its motion for summary judgment.

Ordered that the order is reversed insofar as cross-appealed from by the defendant, on the law, without costs or disburse-

ments, and the defendant's motion for summary judgment dismissing the complaint is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff, without costs or disbursements.

The plaintiff's residence, which was covered by a homeowners insurance policy issued by the defendant, suffered a fire on the morning of May 30, 1985. The policy contained provisions requiring the insured to provide information to the insurer on request. Although the plaintiff submitted to an examination under oath on July 31, 1985, and agreed to provide the defendant with certain requested documents and records deemed material and relevant by the defendant, he failed to supply the information despite repeated requests that he do so. The last request by the defendant explicitly advised the plaintiff that his failure to provide the material would be considered a breach of the policy. In May of 1986, the defendant finally notified the plaintiff that it was denying coverage due, *inter alia,* to his continued refusal to cooperate as required by the policy.

Under the circumstances of this case, the plaintiff's continued failure, without explanation or excuse, to provide the requested information constituted a material breach of the policy precluding recovery by the plaintiff *(see, Williams v American Home Assur. Co.,* 97 AD2d 707, *affd* 62 NY2d 953; *Averbuch v Home Ins. Co.,* 114 AD2d 827; *Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.,* 73 AD2d 605). The mere fact that the defendant participated in pretrial discovery pursuant to CPLR article 31 did not act as a waiver by the defendant of the right to assert the plaintiff's breach of the cooperation provisions of the insurance policy as a defense to the action *(see, Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.,* 76 AD2d 759, *affd* 53 NY2d 835; *Abudayeh v Fair Plan Ins. Co.,* 105 AD2d 764; *see also, Soltex Thread Co. v Rueff Bros.,* 111 AD2d 84).

In light of the foregoing, we need not reach the other issues raised by the plaintiff. Bracken, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.