A89A1412. WAGES v. ATLANTA METRO TAXICAB GROUP, INC.
(388 SE2d 733)

BEASLEY, Judge.

Wages, a lessee driver of Atlanta Metro, appeals the grant of partial summary judgment to Atlanta Metro on the issue of penalties and attorney fees under OCGA § 33-34-6.

Wages was injured in a traffic accident on March 1, 1986. Atlanta Metro was a self-insurer and Wages submitted his medical bills directly to it. Wages went to Kennestone Hospital the day of the accident and was treated as an outpatient. Thereafter, he saw Dr. Khouri and a chiropractor. Some of the bills which he submitted were paid, but Atlanta Metro questioned whether some of Dr. Khouri's tests and treatment, as well as some of the chiropractic care, were related to the accident.

On March 10, Atlanta Metro sent the following letter to Wages: "Please be informed that we have set you an appointment for the 19th of March with Dr. Howland and Jones. . . . Please make arrangements to be there as it could hinder your benefits."

Wages' affidavit states that he understood that the examination was for workers' compensation to which he did not believe he was entitled and that was why he did not attend. On March 19, Atlanta Metro ceased paying benefits, based on Wages' failure to appear for the examination. Wages' attorney was notified by letter of March 21 and responded by letter of April 22. He explained Wages' misunderstanding and proposed that an I.M.E. be conducted by an orthopedist

to be agreed upon from a panel of three. No response to this letter was made by Atlanta Metro.

In November, Atlanta Metro referred all the medical information to Dr. Howland, who affirmed that Wages had suffered neck and low back injuries. He also said: "I cannot comment on the chiropractic treatment since this is beyond my field of expertise. In my opinion chiropractic treatment is not indicated." While he allowed that some of the tests performed by Dr. Khouri may have been medically necessary, he did not believe they were related to the automobile accident. Dr. Khouri's affidavit stated that all of the tests were directly caused by the automobile accident.

OCGA § 33-34-6 requires that benefits must be paid monthly as they accrue; that they are overdue if not paid within thirty days of receipt of reasonable proof of the fact and amount of the loss; and that if the insurer fails to pay, "the insurer must show that its failure to pay was in good faith. . . ."

While an insurer may require that an insured comply with the terms of the policy, including an independent medical examination, that right is limited by the reasonableness of its exercise. *Falagian v. Leader Nat. Ins. Co.*, 167 Ga. App. 800, 801 (307 SE2d 698) (1983).

Atlanta Metro is a self-insurer, according to its summary judgment affidavit. OCGA §§ 33-34-2 (12); 40-9-101 (a) (2). The plan and certificate issued to a self-insurer are the equivalent of a policy of insurance under the no-fault act. *Twyman v. Robinson*, 255 Ga. 711, 712 (342 SE2d 313) (1986). These documents are not part of the record, so there is no proof that the insurer had a right to require an independent medical examination. Even if such a right existed, the letter sent by Atlanta Metro did not clearly invoke it. Moreover, Wages did not refuse an independent exam, as evidenced by the letter of April 22.

The existence of the unpaid chiropractic bills alone is enough under the circumstances to defeat the summary judgment motion. Atlanta Metro's doctor first stated he was unqualified to judge the need for chiropractic care, then opined it was unnecessary. This opinion, which was not even obtained until November, did not provide an adequate basis for questioning the bills. See *Canal Ins. Co. v. Henderson*, 183 Ga. App. 880, 881 (1) (360 SE2d 435) (1987).

The insurer's good faith or lack thereof is generally a question for the jury. *Binns v. MARTA*, 250 Ga. 847, 848 (301 SE2d 877) (1983); *Bituminous Cas. Corp. v. Mowery*, 145 Ga. App. 45, 53 (2) (244 SE2d 573) (1978); *Canal*, supra; *Hufstetler v. Intl. Indem. Co.*, 183 Ga. App. 606, 607 (2) (359 SE2d 399) (1987) (physical precedent). This is such a case. Compare *Saxon v. Colonial Ins. Co. &c.*, 188 Ga. App. 404 (1) (373 SE2d 91) (1988); *Ricks v. Hanover Ins. Co.*, 191 Ga. App. 246 (2) (381 SE2d 411) (1989).

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 20, 1989.

*Joe A. Weeks*, for appellant.
*Parkerson & Shelfer, I. J. Parkerson*, for appellee.