■ Pioneer Food Stores Cooperative, Inc., et al., Respondents, v Federal Insurance Company et al., Appellants, et al., Defendants.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered December 28, 1988, which, *inter alia,* denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, defendants' motion for summary judgment is granted and the complaint is dismissed, with costs. The clerk is directed to enter judgment in favor of defendants-appellants dismissing and severing the action as to them, with costs.

Defendant Federal Insurance Company, an affiliate of the Chubb defendants, issued a policy of insurance to Camaysar Food Corporation with loss being payable to the insured and plaintiffs Pioneer Food Stores Cooperative, Inc. and Paragon Supermarket, Inc. Following a small fire which broke out around midnight on May 5, 1980, a larger fire erupted at 3:18 A.M., destroying a supermarket operated by Camaysar Food Corporation located at 5205 Broadway, Bronx, New York. The Fire Department determined that the fire had an incendiary source.

The policy issued by Federal insured the premises for $175,000 property contents and $30,000 business interruption but did not contain a standard mortgagee clause protecting Pioneer and Paragon. After Federal obtained a nonwaiver agreement, it demanded an examination under oath of the insured, who had filed a claim under the policy.

When examined on December 10, 1980, Camaysar, by its president Rafael Clemente, testified that he owed Pioneer approximately $35,000 at the time of the fire. However, documents produced by Pioneer indicated that Clemente actually owed the company more than $48,000. He also was indebted to a number of his suppliers and to others who had extended him loans. During the course of the examination, Clemente was asked to produce, *inter alia,* the contract for the purchase of the supermarket, the lease for the premises, the agreement with Pioneer pursuant to which Pioneer supplied the market with merchandise, certain bank statements and other financial documents.

On January 14, 1981, Federal sent Camaysar's attorney a transcript of the examination under oath which was to be subscribed by the insured and returned. A demand was also made for the items Clemente had promised to produce at the examination. No response was received by Federal. In April of 1981, an adjuster retained by Pioneer submitted a claim for

$135,508 as loss payee under the policy. Federal informed Pioneer that since the examination under oath had not been completed, no decision had been made on the claim.

A year later, in April of 1982, the trustee in bankruptcy of Paragon, which had sold the premises and fixtures to Camaysar in 1977 and had obtained notes and a security interest in that transaction, sued for $20,716. Pioneer's adjuster sought an extension of time in which to sue on the policy. Pioneer and Camaysar then commenced their own action on April 30, 1982.

Although Pioneer produced Camaysar's contract for the purchase of the business along with the lease and Camaysar's agreement with Pioneer, Clemente's examination under oath still had not been subscribed and returned to Federal. Nor had he produced the requested bank statements and other financial information.

In March of 1985, defendant insurers moved for summary judgment dismissing the complaint on the grounds of Clemente's fraud and false swearing in his examination under oath and his failure to provide the documents demanded and to sign and return the transcript. The motion was marked off the calendar but was eventually restored in July of 1988. The Supreme Court denied the motion for summary judgment and defendants appealed.

Plaintiffs' recovery under the insurance policy, which did contain a standard mortgagee clause, is barred by Camaysar's material breaches of the policy *(Wometco Home Theatre v Lumbermens Mut. Cas. Co.,* 97 AD2d 715, *affd* 62 NY2d 614). Accordingly, it was error to deny defendants' motion for summary judgment dismissing the complaint.

It is clear from the record that the insured made no effort to comply with the legitimate demands of the insurer during the nine-year period since the fire. The insured's bank statements for the year prior to the fire were relevant and material to the insurer's investigation of the fire which was determined to have had an incendiary source. *(2423 Mermaid Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 142 AD2d 124, *lv denied* 74 NY2d 607.) The failure to furnish this information for nine years warrants dismissal of the complaint *(Williams v American Home Assur. Co.,* 97 AD2d 707, *affd* 62 NY2d 953; *and see, Cabe v Aetna Cas. & Sur. Co.,* 153 AD2d 653).

Dismissal is also warranted by the insured's failure to subscribe and return the transcript of the examination under oath. The insured's noncompliance for nine years negates any

reason to grant a final opportunity to cure (cf., *Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.*, 73 AD2d 605).

In light of the foregoing, we do not reach defendants' remaining contentions. Concur—Murphy, P. J., Milonas, Rosenberger and Asch, JJ.