■ GERALD BUONGIOVANNI et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent. [658 NYS2d 431] —In an action to recover on a policy of homeowners' insurance, the plaintiffs appeal from an order of the Supreme Court, Orange County (Bellantoni, J.), dated July 1, 1996, which granted the defendant's motion for summary judgment dismissing the complaint and denied their cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiffs, the owners of a house, were issued a standard homeowners' insurance policy by the defendant which included coverage against damage from fire. While the policy was in effect, the house was totally destroyed by fire. The plaintiffs repeatedly refused the defendant's request to supply their tax

returns for the previous three years and a credit history, or authorizations for those documents, pursuant to the cooperation clause of the policy. As a result, the defendant denied the plaintiffs' claim. Thereafter, when the plaintiffs attempted to submit their tax returns to the defendant, they were rejected as untimely.

The Supreme Court granted the defendant's motion for summary judgment based upon the plaintiffs' failure to timely provide the requested tax returns, credit history, or authorizations for those documents, as a material breach of the policy. On appeal, the plaintiffs contend that, since the policy allotted them one year within which to bring any lawsuit against the defendant, they also had one year within which to fully comply with their obligations under the policy. However, the plaintiffs' continued failure, without explanation or excuse, to provide the defendant with their tax returns and credit history, or authorizations for those documents, constituted a material breach of their insurance policy precluding their recovery (see, Cabe v Aetna Cas. & Sur. Co., 153 AD2d 653, 654; Williams v American Home Assur. Co., 97 AD2d 707, affd 62 NY2d 953). The record indicates that, while the plaintiffs refused to provide the defendant with the requested documents, they also demanded that the defendant give them a formal response on their insurance claim, under threat of litigation. Their attempts to cure were made only in response to the defendant's rejection of their claim. Furthermore, the record does not indicate that any attempt was ever made by the plaintiffs to provide the defendant with their credit history.

The plaintiffs' remaining contentions are without merit. O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.