204 F.3d 372 (2nd Cir. 2000)
 HOWARD T. MOWERS, Plaintiff-Appellee-Cross-Appellant,
v.
THE PAUL REVERE LIFE INSURANCE CO., also known as Paul Revere Insurance Company, Defendant-Appellant-Cross-Appellee.
 Docket Nos. 98-9616, 98-9664
August Term, 1998
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Argued: June 10, 1999
Decided: February 28, 2000
 
 Defendant The Paul Revere Life Insurance Co. appeals from a decision of the United States District Court for the Northern District of New York (David N. Hurd, Magistrate Judge), inter alia, granting summary judgment in favor of plaintiff Howard T. Mowers on his claim of breach of the terms of his disability policy. The District Court held that the plaintiff's failure to undergo a Functional Capacity Examination scheduled by the defendant did not justify the defendant's termination of payments, as defendant's demands were "unreasonable" as a matter of law. The Court of Appeals, Leval, J., vacates the grant of summary judgment and remands for trial.
 Vacated and remanded.
 JOHN P. SPEER, Little Falls, NY, for Plaintiff-Appellee-Cross-Appellant.
 MATTHEW E. HAMLIN, Kernan & Kernan, P.C., Utica, NY, for Defendant-Appellant-Cross-Appellee.
 Before: LEVAL and SOTOMAYOR, Circuit Judges, and POLLACK, District Judge.*
 LEVAL, Circuit Judge:
 
 
 1
 Defendant The Paul Revere Life Insurance Company appeals from a decision of the United States District Court for the Northern District of New York (David N. Hurd, Magistrate Judge), inter alia, granting summary judgment in favor of the plaintiff Howard T. Mowers on his claim of breach of the terms of his disability insurance policy. The District Court held that the plaintiff's failure to attend medical examinations scheduled by the defendant did not justify the defendant's cessation of payments under plaintiff's disability insurance policy, as defendant's demand for plaintiff to attend the examinations was "unreasonable" as a matter of law. Because there are several reasons why such a demand might have been reasonable, we vacate the grant of summary judgment and remand for trial.
 
 BACKGROUND
 
 2
 In 1989, Mowers, a self-employed chiropractor, purchased a disability insurance policy from Paul Revere. According to the terms of the policy, Mowers was to receive full benefits if "totally disabled" and partial benefits if "residually disabled." During August 1982, Mowers injured his back while lifting a patient. By reason of that injury, in combination with other back and hand injuries, Mowers stopped working. Plaintiff filed a disability claim with Paul Revere and, in November 1992, began receiving $3,760 per month, the maximum benefit allowed under the policy. The defendant stopped payments temporarily during the fall of 1993 but resumed payment during the summer of 1994 upon receipt of additional medical information. Payment then continued until the defendant terminated coverage effective September 1, 1997 in light of the events that are the subject of this appeal.
 
 
 3
 The insurance policy stipulated that, in the event of disability, Paul Revere could have a physician of its own choice examine the insured at company expense "as often as reasonably required while [his] claim is continuing." At the defendant's request, plaintiff attended four independent medical examinations ("IME"'s) before doctors selected by the defendant between July and November of 1993 and a fifth in July 1994. All of the doctors concurred that Mowers had several herniated disks in his back and could not perform certain strenuous tasks usually associated with chiropractic healing (including the lifting of heavy objects and the performance of "strenuous" manipulations of patients). The doctors disagreed, however, on whether these injuries resulted in a total disability, or a severe partial disability.
 
 
 4
 Despite this disagreement of medical authority, Paul Revere continued to pay full benefits from 1994 to 1997, and did not request any further IME's. During that time, Mowers remained under the care of an orthopedist (Dr. Gary Witchley) and a neurologist (Dr. Reynaldo Lazaro). These doctors continued to certify that Mowers remained totally disabled.
 
 
 5
 In early 1997, Paul Revere noticed another IME. In February of that year, Dr. Warren Rinehart performed the examination. Rinehart concurred with all of the previous doctors that Mowers could not perform heavy lifting or vigorous manipulations of patients, but determined that the plaintiff might return to part-time work, perhaps performing IME's or limiting his practice to mild manipulations of the cervical region. In order to confirm the plaintiff's subjective complaints of pain and determine what duties were suitable for him, Rinehart recommended that Mowers undergo a Functional Capacity Examination (FCE).[1] Paul Revere then notified the plaintiff that it had scheduled an FCE for July 28, 1997. Plaintiff did not appear for this examination. Paul Revere rescheduled the FCE for September 3. Mowers again did not appear. Paul Revere then stopped paying benefits.
 
 
 6
 In this litigation, Mowers offers two reasons for missing the first examination: his physician's concerns about possible damage to his back caused by the exam and a desire to have present an attorney who was unavailable on that date. He claims that he was sick for the second exam and attempted to reschedule, but the defendant rebuffed his efforts.
 
 
 7
 The plaintiff filed this suit in New York state court, alleging, inter alia, breach of contract. The defendant removed the action to federal court on the basis of diversity of citizenship. Both parties then moved for summary judgement.
 
 
 8
 The parties agreed to have the matter adjudicated by a magistrate judge. Magistrate Judge Hurd issued a memorandum-decision and order granting summary judgment to the plaintiff on the breach of contract claim. Judge Hurd awarded Mowers damages of approximately $60,000 on the breach of contract claim and ordered Paul Revere to resume payments. Paul Revere brought this appeal.[2]
 
 DISCUSSION
 
 9
 In granting summary judgment for the plaintiff, Judge Hurd determined that the defendant lacked "a reasonable basis" for requiring Mowers to undergo an FCE. While taking no position on whether the request for an FCE was in fact reasonable, we conclude that the defendant has shown that there is a genuine issue of material fact for trial on that issue. Summary judgment was, therefore, inappropriate.
 
 
 10
 A. The Reasonableness of the Defendant's Request
 
 
 11
 Courts in other jurisdictions have universally held that a disability claimant's failure to accede to an insurance company's reasonable request for an IME constitutes the failure to perform a condition precedent and may absolve the insurer of further obligations under the contract. See, e.g., VanHaaren v. State Farm Mut. Auto. Ins. Co., 989 F.2d 1,5 n.7 (1st Cir. 1993) (applying Maine law); Fernandez v. Connecticut Mut. Life Ins. Co., 917 F. Supp. 120, 124 (D. Puerto Rico 1996) (applying Puerto Rico law); Hansen v. State Farm Mut. Auto. Ins. Co., 936 P.2d 584, 589 (Colo. Ct. App. 1996), rev'd on other grounds, 957 P.2d 1380 (1998); Hudson v. Omaha Indem. Co., 360 S.E.2d 406, 408 (Ga. Ct. App. 1987). Although New York courts have not yet addressed the failure to perform a condition precedent in the context of disability claims and IME's, they have found that an insured's failure to submit to an examination under oath with respect to fire insurance claims is grounds for an insurer's refusal to pay under the policy. See, e.g., Azeem v. Colonial Assurance Co., 468 N.Y.S.2d 248 (4th Dep't 1983), aff'd 62 N.Y.2d 951 (1984); Pizzirusso v. Allstate Ins. Co., 532 N.Y.S.2d 309 (2d Dep't 1988); Rosenthal v. Prudential Prop. & Cas. Co., 928 F.2d 493 (2d Cir. 1991) (applying New York law). It appears that New York law would treat a disability policyholder's unjustified failure to attend a reasonably demanded medical evaluation as the breach of a condition precedent.
 
 
 12
 Judge Hurd based his finding that Paul Revere's request was unreasonable upon his determination that Mowers was entitled to full benefits, under the terms of the policy, so long as there was any important duty of his practice that he could not perform.[3] As it was clear that there were aspects of his work that he could not perform, the court believed Paul Revere's demand for an FCE was overkill. We find it unnecessary to determine the propriety of the District Court's reading of the contract's "total disability" clause, because, even under such a reading, the defendant may have had valid reasons to request an FCE.
 
 
 13
 There are many reasons an insurance company might reasonably request a physical examination of a client to whom it is paying disability benefits, even in the face of prior examinations determining him to be disabled. Depending on the circumstances, it might be reasonable for the insurer to check periodically to establish whether the insured remains totally disabled, to request additional tests to determine whether claims of pain survive objective verification, or simply to monitor the course of the illness to estimate future liability and evaluate possible treatment options.
 
 
 14
 Evidence suggests that some of these reasons may have motivated Paul Revere's request. Before the IME with Dr. Rinehart, Mowers had not been examined by an independent physician in two and a half years, despite the fact that several of the earlier IME's had suggested that his disability was temporary and might eventually lessen. On one reading of Dr. Rinehart's complex report, his request for an FCE was motivated by a need to obtain objective verification for Mowers's subjective claims of pain. The fact that several of the doctors who examined Mowers, including Dr. Rinehart, considered him only "partially disabled" also may have justified the defendant's desire to obtain further medical information.
 
 
 15
 Determinations of the insurer's motivations and the reasonableness of the insurer's request are are jury questions (unless under the circumstances jurors could not reasonably differ). See, e.g., Hansen, 936 P.2d at 589; Hudson, 360 S.E.2d at 408. Given the many reasons that might have justified the demand for the FCE and the complicated factual considerations that go into evaluating whether such a request is "reasonable," we can see no justification for the trial court's determination as a matter of law that the defendant's demand for an FCE was not reasonable.[4]
 
 
 16
 B. The Reasonableness of the Plaintiff's Explanations
 
 
 17
 In resolving this breach of contract claim, the trier of fact may be required to evaluate not only the reasonableness of the defendant's request, but also the reasonableness of the plaintiff's excuse. See, e.g., Cabe v. Aetna Cas. & Sur. Co., 544 N.Y.S.2d 862, 863 (2d Dep't 1989) ("[T]he plaintiff's continued failure, without explanation or excuse, to provide the requested information constituted a material breach of the policy precluding recovery by the plaintiff."); Pogo Holding Corp. v. New York Prop. Ins. Underwriting Ass'n, 422 N.Y.S.2d 123, 124 (2d Dep't 1979) ("The plaintiff has not satisfactorily explained its failure to fulfill its obligations under the policies."). If an insured had sufficiently good cause for his failure to appear at a scheduled examination, it might be unduly harsh and contrary to prevailing law to hold that he has forfeited all his rights under the contract, especially if the insured promptly sought to reschedule. Like all legal issues that require determinations of "reasonableness," the issue is one of degree.
 
 
 18
 Plaintiff offers several reasons for his failure to attend the scheduled FCE's, including illness, a desire to have his attorney present, and concern that the examination might aggravate his injury.[5] New York courts have, at times, considered legitimate concern as to the health consequences of a physical examination a "reasonable excuse" for failure to appear. See, e.g., Lefkowitz v. Nassau County Med. Ctr., 462 N.Y.S.2d 903, 906 (2d Dep't 1983). The further question in any event arises whether the reasons proffered by the plaintiff were genuine. In our view, the genuineness and the reasonableness of plaintiff's proffered reasons raised triable issues of fact.
 
 
 19
 We have considered the other claims raised by the parties and find them to be without merit.
 
 CONCLUSION
 
 20
 The judgment of the district court is VACATED in part and AFFIRMED in part, and this case is REMANDED to the district court for further proceedings not inconsistent with this opinion.
 
 
 
 Notes:
 
 
 *
 Milton Pollack, Senior United States District Judge for the Southern District of New York, sitting by designation.
 
 
 [1]
 FCE's are used to examine injuries suffered by insurance claimants who have already seen a doctor and have been found to have a disabling condition. An FCE includes the claimant's performance of a series of tasks to estimate physical limitations. See Michael A. Riccardi, Battle Brewing Over Insurers' Test for Disabilities, N.Y.L.J., Sept. 21, 1999, at 1."
 
 
 [2]
 The plaintiff also appealed. We find no merit in his contentions.
 
 
 [3]
 The policy defines "total disability" as inability to perform "the important duties" of one's occupation. (emphasis added). The defendant challenges Judge Hurd's reading, insisting that it is contrary to common sense and in direct conflict with the policy's residual disability clause. As we grant Paul Revere's motion to vacate summary judgment on other grounds, we need not address this issue.
 
 
 [4]
 An FCE is a fairly new procedure that differs from the traditional IME. See generally Riccardi, supra note 1, at 1. We express no view whether the insurer's entitlement to demand medical examinations under the terms of the policy encompassed an FCE, as the parties have not addressed the question.
 
 
 [5]
 Plaintiff did ultimately attend an FCE, after the start of this litigation. Neither the fact that he did so nor the results of that test (which confirmed his disability) are relevant to determine the reasonableness either of the defendant's request or of his excuses, since the reasonableness of those actions ought to be evaluated based on the information available to the litigants at the time.