Hertz Vehicles, LLC v Gejo, LLC (2018 NY Slip Op 03608)





Hertz Vehicles, LLC v Gejo, LLC


2018 NY Slip Op 03608


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Acosta, P.J., Tom, Mazzarelli, Kern, Singh, JJ.


6619N 161499/13

[*1] Hertz Vehicles, LLC, Plaintiff-Appellant,
v
Gejo, LLC, Advanced Center for Rehabilitation, et al., Defendants, Metro Pain Specialists, Professional Corporation, Defendant-Respondent.


Rubin, Fiorella & Friedman LLP, New York (Kyeko M. Stewart of counsel) for appellant.
Gabriel & Shapiro LLC, Wantagh (Steven F. Palumbo of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered December 13, 2016, which granted the motion of defendant Metro Pain Specialists, Professional Corporation (MPS) to vacate the default judgment as against it, unanimously reversed, on the law, without costs, the motion denied, and the default judgment as against MPS reinstated.
"A defendant seeking to vacate a default under [CPLR 5015(a)] must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a meritorious defense to the action" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). Here, while MPS's initial excuse of law office failure for failing to timely answer may be reasonable, MPS was dilatory in asserting its rights (Hyundai Corp. v Republic of Iraq, 20 AD3d 56, 62 [1st Dept 2005], lv dismissed 5 NY3d 783 [2005]; see ADL Constr., LLC v Chandler, 78 AD3d 407 [1st Dept 2010]; see also Okun v Tanners, 11 NY3d 762 [2008]). MPS retained new counsel about eight months prior to entry of the default judgment, yet counsel waited until the eve of the expiration of the one-year time limit before moving to vacate. MPS provided no excuse for why its new counsel failed to address the pending default judgment motion during the time period before a decision was rendered, or why it waited almost another year to move to vacate the default judgment.
In any event, MPS failed to demonstrate that it had a meritorious defense. The failure by Jonathan Smart, the driver of the vehicle, to subscribe and return the transcript of his examination under oath violated a condition precedent to coverage and warranted denial of the claims (see Pioneer Food Stores Coop., Inc. V Federal Ins. Co., 169 AD2d 430, 431-432 [1st Dept 1991]; Pogo Holding Corp. v New York Ins. Underwriting Asoc., 73 AD2d 605, 605-06 [2d Dept 1979)].
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK